E-FILED
Tuesday, 16 September, 2008  07:42:35 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MARY RHODE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-1225 |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| Defendant. | ) |

## O R D E R

Before this Court is Plaintiff's Motion to Supplement the Administrative Record. For the reasons stated below, the Court DENIES Plaintiff's Motion.

### Background

Plaintiff, Mary Rhode ("Rhode"), filed an application for a period of disability and disability benefits, alleging disability beginning June 15, 2004. The claim was denied initially on July 18, 2005 and upon reconsideration on December 19, 2005. Thereafter, Rhode filed a timely written request for hearing on January 31, 2006. Rhode appeared and testified at a hearing held on November 21, 2006.

On April 12, 2007, the Administrative Law Judge ("ALJ"), David Thompson, entered a decision finding that Rhode was not disabled under sections 216(1) and 223(d) of the Social Security Act. The ALJ found that Rhode "was counseled by her attorney to represent her condition of her treating doctors as being worse that it actually is in order to increase her chances of obtaining

benefits." On June 29, 2007, the Appeals Council denied review, thus rendering a final administrative decision by the Commissioner.

On June 14, 2007, the attorneys for Rhode sent a letter to ALJ Thompson requesting an in-person meeting to discuss his conclusions that the law firm had "influenced" Rhode to be "less than truthful." Rhode stipulates that this letter was not before the Appeals Council when it made its decision. Rhode moves to supplement the Administrative Record to include this letter.

## DISCUSSION

The Social Security Act limits federal courts to reviewing the pleadings and transcript of record. 42 U.S.C. § 405(g). For that reason, in reviewing an ALJ's decision, federal courts cannot consider evidence that was not submitted to the ALJ before he rendered his decision. *Eads v. Secretary of Health and Human Servs.,* 983 F.2d 815, 817-18 (7th Cir. 1993).

Rhode contends the record should be supplemented because the letter constitutes "new and material" evidence. The Court disagrees. Evidence is "new" if it was "not in existence or available to the claimant at the time of the administrative proceeding." *Schmidt v. Barnhart*, 395 F.3d 737, 742 (7th Cir. 2005) (internal citation omitted). The attorney wrote the letter because he objected to the ALJ's conclusions, not to speak to Rhode's condition as it existed at or prior to the time of the administrative hearing. Evidence is "material" only to the extent that it could have affected the outcome of the ALJ's decision. *Id.* The Court finds the letter neither new nor material for purposes of a potential remand.

The Court believes that the attorney's objection to the ALJ's conclusion regarding his representation of his client is a separate matter from the current complaint seeking judicial review of the denial of Social Security Disability Benefits. Therefore, this letter should not be included in the Administrative Record.

## CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's Motion to Supplement the Administrative Record.

ENTERED this 15th day of September, 2008.

/s Michael M. Mihm
Michael M. Mihm
United States District Judge